IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WENDY TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No.: **CV422-276** |
| v. ) | STCV22-01756 |
| ) | |
| CAMPING WORLD, INC., and ) | |
| JOHN DOES 1-5 ) | |
| ) | |
| Defendants. ) | |

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Camping World, Inc. ("Camping World"), gives notice of the removal of this action from the State Court of Chatham County, Georgia to the United States District Court for the Southern District of Georgia, Savannah Division. Removal is based on diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy requirement is satisfied and because Camping World, the only named and served Defendant in this case, is diverse from Plaintiff Wendy Turner ("Turner" or "Plaintiff"). In support of this removal, Camping World states as follows:

**I.     NATURE OF THE CASE**

1. On October 10, 2022, Plaintiff Wendy Turner filed a complaint against Defendant Camping World, Inc. in the State Court of Chatham County, Georgia,

1

bearing Civil Action No. STCV22-01756. The complete case file from state court, including the Complaint, is attached as Ex. A.

2. The complaint arises out of an accident that occurred on or about January 3, 2022, in Chatham County, Georgia. *See gen.*, Complaint, Ex. A. Plaintiff alleges that she was an invitee on the premises located at 129 Continental Boulevard, Pooler, Georgia 31322, which she claims was owned and operated by Camping World, to potentially purchase a recreational vehicle or camper. *Id*. at ¶¶ 5-6. She alleges that an employee of Camping World "instructed" her to inspect a camper "unaccompanied and unassisted" and that the handrail of the camper "was not properly secured to the Camper and gave way, causing the Plaintiff to violently fall to the ground below. *Id.* at ¶¶ 8, 10. Plaintiff alleges injuries "including but not limited to, a broken right Humerus (upper arm bone) that required surgical intervention to treat and resulted in permanent scarring and discomfort." *Id*. at ¶ 27. The Complaint does not specifically allege an amount of medical expenses incurred, but pre-suit, Counsel for Plaintiff communicated expenses of at least $88,975.00 and communicated a demand of $1 million. Plaintiff asserts claims of negligence, premises liability, and vicarious liability against Camping World. *See gen.,*

Complaint, Ex. A.

## II.    GROUNDS FOR REMOVAL

3.    Pursuant to 28 U.S.C. § 1441, Camping World removes this action to the District Court of the United States for the district embracing the place where this action is pending. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiff and Camping World because Plaintiff and Camping World are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.    Diversity of Citizenship

4.    For diversity jurisdiction to apply, the court evaluates the citizenship and consent for removal of all defendants properly joined and served at the time of the removal. *See* 28 U.S.C. § 1441(b)(2).

5.    Plaintiff is a resident citizen of the State of Georgia. *See* Complaint, Ex. A, ¶ 1.  Although Plaintiff included no citizenship allegations in the complaint, her citizenship is established through information provided by Plaintiff herself.  In general, "a natural person is a citizen of the state in which he is "'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).  Domicile is the place of a person's "true, fixed, and permanent home and principal establishment,

and to which he has the intention of returning whenever he is absent therefrom." *Id*. Here, records establish that Plaintiff is domiciled in Georgia. Following the incident, Plaintiff provided her address as being located in Georgia, and her medical bills reflect a consistent address in Georgia over the course of her treatment.[1] This evidence, which is properly considered in determining Plaintiff's domicile, establishes his home in Georgia and intent to remain in that state. *See Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (considering various factors such as an affidavit, deposition, drivers license, tax returns, banking statements, voter registration, medical records, utility and phone bills, employment records, and vehicle registrations in determining whether Plaintiff was domiciled).

6. Defendant Camping World is a Kentucky foreign profit corporation with its principal place of business in that state. *See* Georgia Secretary of State Records, Exhibit B. Accordingly, Camping World is a citizen of Kentucky. *See* 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy

7. Under 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the

---

[1] Due to the sensitive nature of such records, Camping World is not attaching the billing records to this Notice, but can provide them to the Court if necessary.

4

jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This allegation can be based on "a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b).

8. Here, Plaintiff claims that Camping World is liable for her physical injuries as a result of the subject incident, and she seeks "medical expenses" as a portion of her damages. *See* Complaint (Ex. A) at ¶¶ 28-29, 37-38. Though not expressly stated in the Complaint, Plaintiff's Counsel represented pre-suit that Plaintiff had incurred medical expenses of at least $88,975.00. Plaintiff's medical bills[2] show, among other charges, total charges from St. Joseph's Candler Hospital of $71,298.00 and from American Anesthesiology Assoc. of $5,013.68, which alone exceed the $75,000.00 minimum amount in controversy. Plaintiff also claims additional noneconomic damages including pain and suffering, and Plaintiff's Counsel stated a $ 1 million demand before the lawsuit was filed, showing that Plaintiff seeks more than $75,000.00 in total damages.

9. Therefore, it is apparent that the amount in controversy exceeds

---

[2] Again, due to their sensitive nature these records are not attached here, but can be supplemented at the Court's request.

$75,000, thus removal of this action is proper.

### III. REMOVAL IS TIMELY AND PROPER

10. Plaintiff filed his Complaint in the State Court of Chatham County, Georgia on October 10, 2022. *See* Complaint, Ex. A, at p. 3. Defendant Camping World was served with a copy of the Complaint on October 18, 2022. *See* Sheriff's Return of Service, Ex. A, at p. 14.

11. This Notice of Removal was filed with the Clerk of the United States District Court within thirty (30) days of service of Plaintiff's Complaint on Camping World, Inc., and therefore Removal of this action is timely under 28 U.S.C. § 1446(b).

12. Pursuant to 28 U.S.C. § 1441, removal to the United States District Court for the Southern District of Georgia, Savannah Division, is proper because that District embraces the State Court of Chatham County, Georgia, the place where this action was pending. *See* 28 U.S.C. § 90(c)(3).

13. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file of the State Court of Chatham County, which includes all pleadings, process, and orders filed, is attached as Exhibit A.

14. As required by 28 U.S.C. § 1446(d), Camping World will promptly file a copy of this Notice of Removal with the clerk for the State Court of Chatham

County, Georgia, which will also provide notice to Plaintiff.

## IV. CONCLUSION

15. By removing the action to this Court, Camping World, Inc. does not waive any defenses, objections or motions available to it under state or federal law. Camping World, Inc. expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

16. As detailed above, all requirements and jurisdictional thresholds have been met to remove this action to this Court on the basis of diversity jurisdiction. Accordingly, Defendant Camping World, Inc. respectfully removes this action to the United States District Court for the Southern District of Georgia, Savannah Division, for trial and determination of all issues.

This 17th day of November, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

*/s/ C. Bradford Marsh*
C. Bradford Marsh
Georgia Bar No. 471280
*Attorney for Defendant Camping World, Inc.*

1420 Peachtree Street, N.E., Ste 800
Atlanta, Georgia 30309
(404) 874-8800 [office]
(404) 888-6199 [facsimile]
brad.marsh@swiftcurrie.com

4893-2836-5631, v. 1