RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2022 4:51 PM         *Brian K. Hart* -Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __CHATHAM__ County

**For Clerk Use Only**
Date Filed __10/10/2022__
MM-DD-YYYY
Case Number __STCV22-01756__

| Plaintiff(s) | Defendant(s) |
|---|---|
| TURNER, WENDY | CAMPING WORLD, INC. |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |
|  | JOHN DOES 1-5 |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |

Plaintiff's Attorney _____  Bar Number _____  Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
Case Number         Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

EXHIBIT A

Version 1.1.18
1 of 14

# In The State Court of Chatham County

133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

**WENDY TURNER**

Plaintiff

**Case Number:** STCV22-01756

Vs

**CAMPING WORLD, INC., and JOHN DOES 1-5**

Defendant

Address of Defendant:
Camping World, Inc.
Registered Agent: CT Corporation System
289 S Culver Street
Lawrenceville, Georgia 30046

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Camping World, Inc.

Defendant's Address: 289 S Culver Street, Lawrenceville, Georgia 30046

**You are hereby summoned and required to efile** (https://georgia.tylerhost.net/ofsweb/) with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Mr. Michael C. McNamara, Jr.
1901 Abercorn Street
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*
**CLERK OF COURT**
*State Court of Chatham County*

/s/ Rebekah Jenkins

Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk

27. Summons 03-24-2021

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WENDY TURNER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAMPING WORLD, INC., and JOHN DOES 1-5<br><br>　　　　Defendants. | CIVIL ACTION<br>FILE NO.: STCV22-01756 |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW Plaintiff Wendy Turner ("Plaintiff"), by and through counsel, and hereby files her Complaint for Damages and Jury Demand against Defendant Camping World, Inc., and John Does 1-5, respectfully showing this Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Camping World Inc. (Camping World or Defendant), is a Foreign Profit Corporation licensed to conduct business in the State of Georgia, transacting business in Chatham County at 129 Continental Blvd, Pooler, Georgia 31322, is subject to the jurisdiction of this Court, and can be served with process through its registered agent, CT Corporation System at 289 S Culver Street, Lawrenceville, Georgia, 30046.

3.

John Does 1-5 are unknown entities and/or individuals that are liable for acts and/or omissions set forth in this Complaint. Their addresses are unknown at this time. Service will be effectuated upon these entities and/or individuals once their identity and addresses have become known.

4.

The State Court of Chatham County has subject matter jurisdiction over this matter, and is the proper venue in this action.

## BACKGROUND

5.

On or about January 3, 2022, Defendant Camping World occupied the premises located at 129 Continental Boulevard, Pooler, Georgia 31322.

6.

On said date, Plaintiff arrived as an invitee, on the premises located at 129 Continental Boulevard, to potentially purchase an RV/Camper from Defendant Camping World.

7.

On said date, Plaintiff was shown various RVs and Campers being sold by Defendant Camping World by an employee of Camping World named Daniel.

8.

On said date, the aforementioned employee known to Plaintiff as "Daniel", spilled coffee on himself and instructed Plaintiff to inspect a 41 Foot Forest River Camper, unaccompanied and unassisted by anyone employed by Defendant Camping World.

9.

On said date, Plaintiff after inspecting the Camper, attempted to exit the Camper and grasped the handrail, to assist her descent of the exterior stairs.

10.

On said date, the aforementioned exterior handrail was not properly secured to the Camper and gave way, causing the Plaintiff to violently fall to the ground below.

11.

Plaintiff's fall was caused because Defendant Camping World failed to ensure the handrail was properly secured to the exterior of the Camper.

12.

Plaintiff's fall was caused because employees/agents of Defendant Camping World instructed Plaintiff to inspect the Camper unattended.

13.

Plaintiff's fall was caused because the handrail and exterior stairs were negligently maintained in such a manner as to constitute a dangerous hazard.

14.

At all times relevant to this incident, Defendants knew or should have known of the dangerous condition of the exterior stairs and handrail.

15.

At all times relevant to this incident, Defendants were aware of the hazard presented to Plaintiff and others.

16.

At all times relevant to this incident, Plaintiff was exercising due care for her own safety.

17.

As a result of the aforementioned violent fall, Plaintiff has sustained serious physical, mental, and emotional injuries.

18.

As a result of the aforementioned violent fall, Plaintiff has suffered and will continue to suffer from physical, mental, and emotional pain and suffering.

## STATEMENT OF CLAIMS

### (Count I – Negligence: Defendant Camping World)

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Camping World owed a heightened duty to the Plaintiff, as an invitee, to exercise proper, ordinary and reasonable care to keep the premises of their business, open to customer invitees, safe and free from hazards.

21.

Defendant Camping World was negligent and breached this duty.

22.

Defendant Camping World was negligent for failing to properly repair, maintain, and/or inspect the exterior stairs and handrail were the Plaintiff fell.

23.

Defendant Camping World was negligent for allowing an unsafe and hazardous condition to remain on the premises.

24.

Defendant Camping World was negligent for failing to properly train its employees, agents, representatives and other individuals on the premises on how to properly inspect and maintain the staircase and handrail where Plaintiff fell, so as to keep it in such a condition to render it safe and the importance of keeping such an area safe.

25.

Defendant Camping World was negligent for failing to enact and/or enforce policies and procedures to keep the staircase and handrail where Plaintiff fell, in a safe condition.

26.

Under the legal doctrine of *respondeat superior,* Defendant Camping World is liable for the acts, failure to act, omissions, and/or the like that its employees, agents, representatives, and other individuals undertook within the course and scope of their employment.

27.

As a direct and proximate result of Defendant Camping World's negligence, Plaintiff was seriously injured and incurred medical expenses, permanent injuries, and damages, including but not limited to, a broken right Humerus (upper arm bone) that required surgical intervention to treat, and resulted in permanent scaring and discomfort.

28.

As a direct and proximate result of Defendant Camping World's negligence, Plaintiff has incurred medical expenses and may incur additional medical expenses in the future.

29.

As a direct and proximate result of Defendant Camping World's negligence, Plaintiff has undergone extensive medical treatment and may require additional treatment in the future.

30.

As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer physical, mental, and emotional pain and suffering.

**(Count II – Negligence: John Does 1-5)**

31.

Plaintiff realleges and incorporates the allegations in paragraphs 1 through 30 above as if fully restated.

32.

Defendants John Does 1-5 were negligent for causing and/or permitting an unsafe and hazardous staircase to remain on the premises, specifically where Plaintiff fell.

33.

Defendants John Does 1-5 were negligent for causing and/or permitting an unsafe and hazardous handrail to remain on the premises, specifically where Plaintiff fell.

34.

Defendants John Does 1-5 were negligent for failing to properly maintain, repair, and/or inspect the staircase and handrail where Plaintiff fell.

35.

Defendants John Does 1-5 were negligent for failing to failing to keep the area where Plaintiff fell safe.

36.

As a direct and proximate result of the negligence of John Does 1-5, Plaintiff has suffered and will continue to suffer injuries and damages as previously set forth in this Complaint.

**DAMAGES**

37.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory,

general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Incidental expenses;

h) Lost wages;

i) Loss of earning capacity;

j) Past, present and future medical expenses;

k) Permanent injuries; and

l) Consequential damages to be proven at trial.

38.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff. Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

**WHEREFORE**, Plaintiff prays as follows:

(a)     That process and summons be issued and served upon the Defendants;

(b)     That judgment be entered in her favor against Defendants on her Complaint;

(c) That Plaintiff have and recover from Defendants an amount for her past special and actual damages, the exact amount of which will be determined at trial;

(d) That Plaintiff have and recover from Defendants an amount for her past lost wages, the exact amount of which will be determined at trial;

(e) That Plaintiff have and recover from Defendants an amount to compensate her for her future medical and other expenses and lost wages, the exact amount of which will be determined at trial;

(f) That Plaintiff have and recover from Defendants an amount for her pain and suffering, general damages, and compensatory damages, the exact amount of which will be determined at trial;

(g) That Plaintiff have a trial by jury on all issues so triable;

(h) That all costs of this action be taxed against Defendants; and

(i) That this Honorable Court award such other and further relief as it deems just and proper.

This 10th day of October, 2022.

Respectfully submitted,

**PHILLIPS CARSON & PHILLIPS**

By: /s/ Michael C. McNamara
MICHAEL C. MCNAMARA
Georgia Bar No. 172177
*Attorney for Plaintiff*

1901 Abercorn Street
Savannah, Georgia 31401
Phone: (912) 232-0081
Email: *michael@savannahlawyers.com*